# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Long Neck Properties, LLC, et al., | : | Chapter 7 |
| | : | Bankruptcy Case No. 14-11707 (KJC) |
| Debtor. | : | BAP No. 16-15 |
| ERIC S. CAMPBELL, | : | |
| Appellant, | : | |
| v. | : | C. A. No. 16-229-LPS |
| GEORGE L. MILLER, ET AL., | : | |
| Appellees. | : | |

## REPORT AND RECOMMENDATION

At Wilmington this **30th** day of **June, 2017.**

Briefly, this matter, filed on April 5, 2016, involves an appeal from Bankruptcy Court Order entered March 15, 2016. Since the filing of this appeal, the court has had a number of teleconferences with the parties, scheduled a mediation, which was cancelled, and had an in court conference on December 12, 2016. During that conference, it was confirmed on the record that appellant was willing to resolve his appeal by paying the Trustee $1,000.00 in weekly increments of $75.00 beginning December 16, 2016 and continuing until full payment of the $1,000.00 settlement. As a result of the conference, this court issued an order memorializing the parties' agreement. (D.I. 16) In addition, the weekly payments were to be made directly to the Trustee, whose mailing address was included in the Order, and the Trustee was obligated to advise the court when full payment was made. The court understands that this settlement was considerably less than the amount ordered by the Bankruptcy Court.

Despite this agreement between the parties, appellant failed to comply, which means he also failed to abide by this court's order. Appellant failed to begin the weekly payments on December 16, 2017. According to the record of the Trustee as of June 1, 2017, appellant made the following weekly payments:

| | |
|---|---|
| 1/19/17 | two payments of $75.00, for a total of $150.00 |
| 1/23/17 | one payment of $75.00 |
| 3/10/17 | one payment of $75.00 |
| 3/21/17 | one payment of $75.00 |
| 6/1/17 | one payment of 150.00 |

According to his email of June 26, 2017, appellant claims that he also made a payment after June 1, 2017, by sending a check on Saturday [June 24, 2017] in the amount of $150.00.[1]

The above payment record shows that appellant has been non-compliant with not only the understanding of settlement between the parties, but this court's order. According to the court's calculations, appellant should have completed and made full payment by early March 2017.

Because of appellant's continued failure to comply with the payment schedule to which he agreed and was ordered to follow, periodic teleconferences were scheduled with the most recent one scheduled for June 26, 2017. Appellant failed to participate in that teleconference and claimed in an email to my Judicial Administrator that he forgot. The court doubts this representation in light of the email by counsel for the Trustee, David Klauder, Esq., dated Friday, June 23, 2017, reminding appellant of the teleconference occurring three days later.

---

[1] The record from the Trustee only included payments through May 2017, and therefore would not reflect whether appellant made a payment after that date.

2

Because of appellant's email requesting an accounting to finalize payment, this court issued an email order to the parties on June 29, 2017,[2] which required that on or before July 7, 2017, counsel for the Trustee confirm and advise by email to the court and appellant whether the payment appellant claimed he mailed on June 24, 2017, was received and advise the total amount remaining and due. It also provided for appellant to make the final payment, as he indicated in his emails that he intended and desired to do, by July 21, 2017. The Order also required the Trustee to confirm whether final payment was made, whether settlement is complete, and whether this appeal may be dismissed.

Within in less than 24 hours after this email order, appellant advised that he does not intend to comply with this court's orders, which memorialized his prior agreements with the Trustee. Besides commenting on the court's error when it transposed the amount paid to date with the amount owed, appellant purports he has no further obligation because the Trustee "quash[ed] the settlement agreement," making it "revoked, rescinded," and thereby relieving him of any further obligation under the settlement. Appellant relies on a letter dated May 23, 2017 from Mr. Klauder to the court, which included a letter dated May 17, 2017 from the Trustee to appellant, advising that since appellant was in continued default of the settlement, the settlement was null and void. Appellant focuses on the null and void language of the letter, but

---

[2] This email order also reflected, consistent with appellant's recent emails, specifically his email of June 26, 2017, that he "desired to retire this debt obligation so we can all go our separate ways." In fact, the email order notes "[m]y understanding from Mr. Campbell's recent emails, is that he wishes to complete his payments and finalize settlement of this matter."

ignores and does not dispute the comment that he is in default. Appellant seems to think that unless the Trustee commences litigation against him, he has no further obligation. Further, appellant's argument that he has no further obligation to pay because of these May letters is belied by the fact that he claims to have sent $150.00, an amount equal to two payments in late June, well *after* the May 17 letter from the Trustee and counsel's letter of May 23, 2017.

Appellant has ignored the orders of this court, and has reneged on his representations to the court and his settlement with the Trustee.

Therefore, IT IS RECOMMENDED that:

a. the Order of the Bankruptcy Court dated March 15, 2016, be affirmed and this appeal be dismissed with prejudice.

b. Appellant be ordered to pay the fees and costs incurred by the Trustee for this appeal.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge