IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| IN RE LONG NECK PROPERTIES, LLC, | : | Chapter 7 |
| Debtor. | : | Bankr. Case No. 14-11707 (KJC) |
| ERIC S. CAMPBELL, | : | |
| Appellant, | : | Civ. No. 16-229 (LPS) |
| v. | : | |
| GEORGE L. MILLER, et al., | : | |
| Appellees. | : | |

## MEMORANDUM ORDER

Pending before the Court is the untimely Letter Objection (D.I. 22) filed by *pro se* appellant Eric S. Campbell with respect to the Report and Recommendation issued by Chief Magistrate Judge Thynge on June 30, 2017 (D.I. 21). For the reasons set forth herein, the Court will overrule the Letter Objection, adopt the Report and Recommendation in part, and dismiss the appeal with prejudice.

**I. BACKGROUND**

On or about July 14, 2014, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and George L. Miller was appointed as the Chapter 7 Trustee ("Trustee"). On September 9, 2015, Trustee filed a motion seeking sanctions against appellant for his alleged willful violations of the automatic stay pursuant to section 362(k) of the Bankruptcy Code (B.D.I. 50)[1] ("Sanctions Motion"). In the Sanctions Motion, Trustee asserted that appellant had willfully obstructed Trustee in marketing and selling certain real property constituting the Debtor's primary asset, and had also refused to turn over estate assets, including money and a

---

[1] The docket of the chapter 11 case, captioned *In re Long Neck Properties, LLC*, Case No. 14-11707 (KJC) (Bankr. D. Del.), is cited herein as "B.D.I. __."

1

motor vehicle. (*See id.*) On September 22, 2015, the Bankruptcy Court held a hearing on the Sanctions Motion. During the hearing, Trustee and appellant reported a settlement of the dispute. The settlement resolved the Sanctions Motion and other issues between the parties. The settlement generally provided that appellant was obligated to the estate in the amount of $10,000, but that this obligation would be deemed satisfied and released if appellant paid $4,000 within 30 days of the date of an order approving the settlement. The terms of the parties' settlement were read into the record at the hearing, and the Bankruptcy Court asked appellant if he understood and agreed to the terms of the settlement and whether he could make the agreed-upon payment. Appellant answered in the affirmative. Following the hearing, the parties did not reach an agreement regarding a form of order. (*See* B.D.I. 68) On October 13, 2015, the Bankruptcy Court entered a short order setting forth the settlement terms read into the record at the September 22, 2015 hearing and attaching the relevant excerpt of the hearing transcript (B.D.I. 70) ("First Settlement Order") Appellant did not appeal the First Settlement Order and also did not make the $4,000 payment.

On December 15, 2015, Appellant filed a letter request with Bankruptcy Court seeking relief from the terms of the First Settlement Order. (B.D.I. 89) On February 5, 2016, Trustee filed a response opposing any such relief. (B.D.I. 90) Following a hearing, the Bankruptcy Court denied the relief sought in the letter request, issuing an order on March 15, 2016. (B.D.I. 93) On April 5, 2016, appellant filed a notice of appeal with respect to the March 15, 2016 order. (D.I. 1)

Since the filing of this appeal, Judge Thynge held a number of teleconferences with the parties, scheduled a mediation (which was later cancelled), and had an in-person conference on December 12, 2016. During that conference, it was confirmed on the record that appellant was now willing to resolve his appeal by paying Trustee $1,000.00 in weekly increments of $75.00,

2

beginning December 16, 2016 and continuing until full payment of the $1,000.00 settlement. As a result of the conference, on December 14, 2016, the Court issued an order memorializing the parties' settlement agreement (D.I. 16) ("Second Settlement Order"). In accordance with the Second Settlement Order, appellant's weekly payments were to be made directly to Trustee, whose mailing address was included in the Second Settlement Order, and the Trustee was further required to advise the Court when full payment had been made. (*See id.* at 2)

Despite the agreement between the parties, appellant failed to begin the weekly payments on December 16, 2016, and made only six payments between January 19, 2017 and June 1, 2017. Appellant should have completed and made full payment by early March 2017. Due to appellant's failure to comply with the payment schedule set forth in the Second Settlement Order, the Court scheduled additional teleconferences for February 15, 2017, March 29, 2017, and May 2, 2017. (*See* D.I. 17, 18, 19) The most recent teleconference was scheduled for June 26, 2017 (*see* D.I. 20), but appellant failed to participate, later claiming in an email that he forgot. (*See* D.I. 21 at 2) Based on appellant's email request for an accounting to finalize payment, however, Judge Thynge issued an email order to the parties on June 29, 2017, which required counsel for Trustee to confirm, on or before July 7, 2017, the total amount remaining and due and to advise the Court and appellant by email of same. (*See* D.I. 21 at 3) It also provided for appellant to make the final payment, as he indicated in prior emails that he intended and desired to do, by July 21, 2017. (*See id.*) The email order also required Trustee to confirm whether final payment was made, whether settlement is complete, and whether this appeal may be dismissed. (*See id.*) In response to this email order, appellant immediately advised that he did not intend to comply. (*See id.*)

On June 30, 3017, the Report and Recommendation was issued. Judge Thynge recommends that, based on appellant's noncompliance with the Second Settlement Order, the

3

Court enter an order (1) affirming the March 15, 2016 Bankruptcy Court order and dismissing the appeal with prejudice, and (2) ordering appellant to pay the fees and costs incurred by Trustee for the appeal. (*See id.* at 4) On July 24, 2017, appellant filed a Letter Objection to the Report and Recommendations. (D.I. 22)[2]

## II. PARTIES' CONTENTIONS

Appellant purports that he has no further obligations because "the Trustee, Mr. Miller, has informed me that the settlement agreement, under which payments were to be made, has been quashed and rescinded." (D.I. 22 at 1) Appellant appears to rely on a letter dated May 23, 2017 to the Court, which included a letter dated May 17, 2017 from Trustee to appellant, advising that since appellant was in continued default of the settlement, the settlement was null and void. (*See* D.I. 21 at 3) Appellant takes the position that because Trustee has threatened further litigation, appellant has no further obligation under the Second Settlement Order. (*See id.*) Appellant further argues that the Trustee cannot proceed directly to litigation without first proving appellant has been "properly notified of a perceived breach" and has been "provided an opportunity to cure." (*See* D.I. 22 at 2) Trustee filed no response to the Letter Objection.

## III. LEGAL STANDARDS

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court,

---

[2] The Letter Objection also enclosed a check and instructed the Clerk's Office to hold the funds "in escrow status." (*See* D.I. 22 at 2). The Letter Objection stated: "If [the Trustee] rescinds his threat to litigate, I'll cut a final check to pay the obligation clear. If [the Trustee] wants to litigate, then you'll need to return my check and we'll proceed with suit." (*Id.*) On July 25, 2017, the check was returned to appellant with a letter informing appellant that the Clerk's Office cannot hold funds in escrow absent a court order. (*See* D.I. 23)

4

however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Gusler v. City of Long Beach*, 823 F. Supp. 2d 98, 109 (E.D.N.Y. 2011). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) (Advisory Committee Notes); *Gusler*, 823 F. Supp. 2d at 109. Whether or not proper objections have been filed, the Court may accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding. *Id.* Finally, "[appellant] proceeds *pro se*, and accordingly, we construe his pleadings liberally." *Laughlin v. Peck,* 552 Fed. App'x 188, 190 (3d Cir. 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).

## IV. DISCUSSION

Appellant failed to timely object to the Report and Recommendation. Federal Rule of Civil Procedure 72(b)(2) provides that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." The Report and Recommendation was issued on June 30, 2017, and the docket entry indicated that appellant's objections, if any, were required to be filed no later than July 17, 2017. (*See* D.I. 21 (allowing three additional days)) Appellant's Letter Objection, which is dated July 19, 2017, was received by the Court on July 24, 2017. (*See* D.I. 22).

The Court finds no clear error on the face of the record in Judge Thynge's determination that appellant failed to comply with the Second Settlement Order. Appellant does not contest reaching a settlement to resolve his appeal, nor does appellant contest the terms of that settlement as set forth on the record at the December 12, 2016 hearing, in the Second Settlement Order, and

5

in the Report and Recommendation. Appellant offers no argument or evidence to contest the timing and amounts of the payments set forth in the Report and Recommendation, nor does appellant contest Judge Thynge's report that he has failed to comply with the terms of the Second Settlement Order from the outset and remains in default. (*See* D.I. 22 at 1 ("So that we are clear, I do NOT deny owing the Trustee a small balance.")). Appellant merely asserts that, having failed to comply with the terms of the Second Settlement Order over the course of many months, further payments became impossible following the Trustee's communications in May that the settlement was null and void. (*See id.*) However, appellant also claims to have sent two additional payment in late June, long after the communications from Trustee and counsel in May. (*See* D.I. 21 at 4) The Court finds no error on the face of the record that appellant has reneged on his representations to the Court and his settlement with Trustee and failed to comply with the Second Settlement Order.

Judge Thynge recommends dismissal of the appeal with prejudice and an award of costs to Trustee in connection with the appeal. Appellant has merely responded that such a recommendation "is without any legal foundation." (*See* D.I. 22 at 2) The Court disagrees. The Court finds that, in light of the history of these proceedings, dismissal of the appeal is not an abuse of discretion, nor is the recommendation to dismiss based on a clear error of law or fact.

To the contrary, dismissal is appropriate based on consideration of the "*Poulis* factors." *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Regarding the first *Poulis* factor, the extent of the party's personal responsibility, appellant proceeds *pro se* and, therefore, is personally responsible for his actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d. Cir. 2002). Second, regarding prejudice to the adversary, Trustee has been prejudiced by appellant's noncompliance with two separate settlement agreements, and the estate has continued to incur costs and fees to resolve this matter. Third, there is a history of dilatoriness. Appellant

has repeatedly failed to comply with Judge Thynge's orders, including, *inter alia*, the Second Settlement Order, the May 2, 2017 oral order setting the June 26, 2017 teleconference, and the June 29, 2017 email order. With respect to the fourth *Poulis* factor, the conduct of appellant, the Court declines to find appellant's noncompliance to be willful or in bad faith, but notes the many inappropriate personal insults levied against Judge Thynge and Trustee in the Letter Objection. With respect to the fifth *Poulis* factor, monetary sanctions will not likely be effective in this case, considering that appellant proceeds *pro se* and has repeatedly claimed economic hardship. (*See* D.I. 3, 6, 7) The final *Poulis* factor is the meritoriousness of appellant's claims, which weighs against appellant, based on appellant's consent to the First Settlement Order, clearly set forth on the record at the September 22, 2015 hearing, and his failure to appeal the First Settlement Order (B.D.I. 70), from which terms relief is ultimately sought in this appeal.

Nor is there error, or an abuse of discretion, in the recommendation to award Trustee costs and fees. Nevertheless, considering the matter *de novo*, the Court will not require appellant to pay Trustee's costs and fees. Given appellant's financial condition, given that the Court is dismissing the appeal, and given that it is well past time for this litigation to be completed, the Court concludes that the appropriate exercise of its discretion in the circumstances here is not to enter another order (which may lead to further noncompliance and necessitate further enforcement proceedings) requiring appellant to pay Trustee even more money.[3]

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Appellant's Letter Objection (D.I. 22) is OVERRULED.

2. The Report and Recommendation (D.I. 21) is ADOPTED to the extent set forth herein.

---

[3] It may be that Trustee's decision not to file a response to appellant's objections indicates that Trustee is not interested in incurring more litigation expenses in this matter.

3. The appeal is DISMISSED WITH PREJUDICE.

4. The Clerk is directed to CLOSE Civ. No. 16-229 (LPS).

September 22, 2017

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE